## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| MARILYN BROCK, | |
| Plaintiff, | |
| v. | Civil Action File No.: _____ |
| DOLGENCORP, LLC, and X, Y, & Z Defendants, whose true names are currently unknown to Plaintiff, | *[Removed from Muscogee County Superior Court]* |
| Defendant. | |

## <u>NOTICE OF REMOVAL</u>

COMES NOW Dolgencorp, LLC, party defendant in the above-styled case, and within the time prescribed by law, files this Notice of Removal and respectfully shows to the Court the following facts:

1.

Plaintiff filed suit against Defendant in the Superior Court of Muscogee County, State of Georgia for personal injuries allegedly incurred as a result of a fall in a Dollar General store located in Columbus, Georgia.  That suit is styled as above and numbered Civil Action File No. SU2022CV000726 in that Court.

2.

Dolgencorp, LLC, is a Kentucky single-member limited liability company

with a principal place of business in Goodlettsville, TN.  Dolgencorp, LLC is not a citizen of the state of Georgia, was not a citizen of the state of Georgia on the date of filing of the aforementioned civil action and it has not since become a Georgia citizen.  The sole member of Dolgencorp, LLC, is Dollar General Corporation.

3.

Dollar General Corporation is a Tennessee corporation with a principal place of business in Goodlettsville, Tennessee.   Dollar General Corporation is not a citizen of the State of Georgia, was not a citizen of the State of Georgia on the date of filing of the aforementioned civil action, and it has not since become a Georgia citizen.

4.

Upon information and belief, Plaintiff Marilyn Brock is a resident of the State of Georgia who has been a resident of Georgia since the time of the alleged incident and has no plans to move outside of the state of Georgia for the foreseeable future.  *See* Plaintiff's Complaint for Damages, a true and accurate copy of which is attached hereto as **Exhibit "A."**  Upon further information and belief, Plaintiff was not a citizen of the State of Tennessee or Kentucky on the date of filing the aforementioned civil action, has not since become a citizen of Tennessee or Kentucky, and intends to remain in Georgia indefinitely.

5.

In the initial Complaint, Dollar General Corporation was named as a party defendant and served with the Summons and Complaint for Damages on or about March 22, 2022.

6.

In her Complaint, Plaintiff claimed damages in the form of past, present, and future, physical pain and suffering, special damages for past present and future medical expenses, and punitive damages. *See* **Exhibit "A,"** at ¶ 21.

7.

The prior Defendants timely filed an Answer on April 22, 2022. *See* **Exhibit "B,"** Answer and Special Appearance Answer of Dollar General Corporation and Dollar General #9867.

8.

On April 26, 2022, the parties consented to the substitution of current defendant, Dolgencorp, LLC. An Order was executed the same day and is attached here as **Exhibit "C,"** April 26, 2022 Court Order**.**

9.

Also on April 26, 2022, Plaintiff filed her First Amended Complaint. *See* **Exhibit "D,"** First Amended Complaint.

10.

Defendant acknowledged service on April 28, 2022.  *See* **Exhibit "E**,"
Acknowledgment of Service.

11.

The aforementioned civil action is a civil action of which this Court has
original jurisdiction under the provisions of 28 U.S.C. § 1332 and, accordingly, is
one which may be removed to this Court by Defendant/Petitioner pursuant to the
provisions of 28 U.S.C. § 1441, in that it is a civil action in which the matter in
controversy will exceed the sum of $75,000.00 exclusive of interests and costs, and
is between citizens of different states.

12.

In Plaintiff's First Amended Complaint, she alleged that she "suffered severe
and painful injuries to her body," and she claimed damages in the form of past,
present, and future, physical pain and suffering, special damages for past present
and future medical expenses, and punitive damages.  *See* **Exhibit "D**," at ¶¶ 14 &
20.

13.

Plaintiff failed to plead her special damages with specificity in either the
Complaint or First Amended Complaint as required by O.C.G.A. § 9-11-9(g).

14.

Plaintiff did, however, send a pre-suit demand which itemized her past medical expenses at $34,132.53 *See* **Exhibit "F,"** Plaintiff's Pre-Suit Demand Letter.

15.

The same demand letter further lays out a specific and thoughtful itemization of Plaintiff's alleged general damages.  *See* **Exhibit "F,"** at p. 5 & 6.  Plaintiff alleged, among others, such damages as "Shock of impact - $5,000 for single event," "Interference with normal living, $0.50 an hour, for a total amount of $52,012.50," and "Actual physical pain and suffering, past and future, $0.30 an hour," for a total of $31,207.50.

16.

"While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994). "How much it counts for depends on the content of the letter."  *Farley v. Variety Wholesalers, Inc.,* No. 5:13–cv–52 (CAR), 2013 WL 1748608, at *2 (M.D.Ga. Apr. 23, 2013).  Further, "'Pre-suit demand letters that reflect posturing and puffery are entitled to little weight, while '[m]ore weight should be given to a settlement demand if it is an 'honest assessment of damages.'" *Id.* (quoting *Cross*

*v. Wal–Mart Stores, East, LP,* No. 7:11–cv–21(HL), 2011 WL 976414, at *2 (M.D.Ga. Mar. 17, 2011)).  Peterman v. Wal-Mart Stores Inc., No. 1:13-CV-91 WLS, 2013 WL 5210188, at *2 (M.D. Ga. Sept. 13, 2013).

17.

Plaintiff's demand letter establishes that the amount in controversy in this matter exceeds the $75,000 jurisdictional limits. Plaintiff not only itemized her medical specials as they existed as of January 5, 2021, she also considered, assessed, and itemized what she contends the value of specific instances of pain and suffering are, and made a demand accordingly. Even if this Court discounts the total value of the demand in the letter by 80% in consideration of "puffery," the amount in controversy is met.

18.

Moreover, the Complaint alleges punitive damages against this Defendant. Any amount sought for punitive damages should also be considered in an assessment of the amount in controversy.

19.

This Defendant was served with the Summons and Complaint on April 26, 2022.  This Notice is filed within 30 days thereof pursuant to the requirements of

28 U.S.C. § 1446(b).

20.

Pursuant to the provisions of 28 U.S.C. § 1446 Defendant has attached hereto copies of all process, pleadings, and orders served upon it in this case, such copies being marked **Exhibit "G."** There are no motions pending in the State Court of Cobb County, Georgia at the time of filing this Notice of Removal.

21.

Venue properly rests in the Columbus Division of the United States District Court of the Middle District of Georgia, as this case is being removed from the Superior Court of Muscogee County, Georgia, which sits in the Columbus Division of United States District Court for the Middle District of Georgia. A Notice of Filing Notice of Removal to Federal Court has been filed with the Superior Court of Muscogee County, Georgia.

WHEREFORE, Defendant prays that the case be removed to the United States District Court for the Middle District of Georgia, Columbus Division.

[*Signature on following page.*]

This 29th day of April, 2022.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

_____

Erica L. Morton, Esq.
Georgia Bar No.: 140869
Brianna S. Tucker, Esq.
Georgia Bar No.: 109297
*Attorneys for Defendant*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

MARILYN BROCK,

               Plaintiff,

v.

DOLGENCORP, LLC, and X, Y, & Z
Defendants, whose true names are
currently unknown to Plaintiff,

               Defendant.

Civil Action File No.: _____

*[Removed from Muscogee County
Superior Court]*

## CERTIFICATE OF SERVICE

I certify that I have electronically filed the ***Notice of Removal*** with the Clerk of Court using the CM/ECF (Pacer) system which will automatically send email notification of such filing to the following attorneys of record:

Gary O. Bruce, Esq.
LAW OFFICES OF GARY BRUCE, P.C.
912 Second Avenue
Columbus, GA 31901
Email: gary@garybrucelaw.net

Ben B. Philips, Esq.
Brian Worstell, Esq.
PHILIPS BRANCH & HODGES
P.O. Box 2808
Columbus, GA 31902
Email: ben@philips-branch.com
Email: brian@philips-branch.com

This 29th day of April, 2022.

                                    Respectfully submitted,

                                    SWIFT, CURRIE, MCGHEE & HIERS, LLP

                                    ***/s/ Erica L. Morton***

                                    _____
                                    Erica L. Morton, Esq.
                                    Georgia Bar No.: 140869
                                    Brianna S. Tucker, Esq.
                                    Georgia Bar No.: 109297
                                    *Attorneys for Defendant*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax:  (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com