JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Marilyn Brock

**(b)** County of Residence of First Listed Plaintiff    Muscogee
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gary Bruce, Law Office of Gary Bruce,
912 2nd Ave, Columbus Ga 31901
706-323-6461
Ben Phillips & Brian Worstell, Phillips Branch and Hodges
PO Box 2808, Columbus Ga 31902
706-323-6461

## DEFENDANTS

Dolgencorp, LLC

County of Residence of First Listed Defendant    Kentucky
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Erica Morton & Brianna Tucker
Swift Currie McGhee Hiers
1355 Peachtree Street NE #300
Atlanta Ga 30309
404-888-6170

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander   Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 340 Marine   Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability   Liability | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 370 Other Fraud | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | Product Liability   ☐ 371 Truth in Lending | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☒ 360 Other Personal   ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | Injury   Property Damage | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury -   ☐ 385 Property Damage | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice   Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other   ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 and 28 USC 1441
Brief description of cause:
premises liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE
04/29/2022

SIGNATURE OF ATTORNEY OF RECORD
E. Morton

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# EXHIBIT "A"

## SUPERIOR COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU2022CV000726**

MAR 22, 2022 08:58 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SU2022CV000726

Brock, Marilyn

_____
**PLAINTIFF**

**VS.**

Dollar General Corporation, DBA Individually
and/or dba Dollar General #9867
Dollar General #9867

_____
**DEFENDANTS**

### SUMMONS

TO: DOLLAR GENERAL CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Brian M Worstell**
> **PHILIPS, BRANCH & HODGES**
> **P.O. Box 2808**
> **105 Thirteenth Street (31901)**
> **Columbus, Georgia 31902**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of March, 2022.**

Clerk of Superior Court

_____
*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 1 of 1

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU2022CV000726**

MAR 22, 2022 08:58 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

**IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY**
**STATE OF GEORGIA**

MARILYN BROCK,

        **Plaintiff,**

    **vs.**

DOLLAR    GENERAL    CORPORATION,
Individually, and/or d/b/a "DOLLAR GENERAL
# 9867"; DOLLAR GENERAL # 9867; and
X, Y, & Z DEFENDANTS, whose true names
are currently unknown to Plaintiff,

        **Defendants.**

**CIVIL ACTION**
**FILE NO. _____**

## COMPLAINT

COMES NOW Plaintiff, MARILYN BROCK, and files her Complaint for damages against

Defendants Dollar General Corporation, Individually, and/or d/b/a "Dollar General 9867", Dollar

General # 9867 and X, Y, & Z Defendants, whose true names are currently unknown to Plaintiff,

and alleges as follows:

### I. PARTIES, JURISDICTION and VENUE

1.

Plaintiff is a resident of Columbus, Muscogee County, Georgia, and subject to the

jurisdiction of this Court.

2.

Defendant Dollar General Corporation, Individually, and/or d/b/a Dollar General #9867 is

a foreign corporation registered to do business in the state of Georgia. Defendant Dollar General

has offices and conducts business in Columbus, Muscogee County, Georgia, and may be served

with legal process through its Registered Agent, CSC of Cobb County, Inc., located at 192

Anderson Street SE, Suite 125, Marietta, Georgia 30060.

3.

Dollar General # 9867is a local Muscogee County, Georgia business located at 4900 River Road, Columbus, Georgia and licensed to do business in Muscogee County, Georgia. Dollar General # 9867 may be served with legal process through its store manager or other qualified agent at said location.

4.

"X, Y, & Z Defendants", whose true names and identities are currently unknown to Plaintiff at this time, have committed torts against Plaintiff and can be served with a Second Original Complaint and Summons once their true identity(ies) have been ascertained through discovery and/or through stipulation between counsel.

5.

Defendants Dollar General Corporation, Individually, and/or d/b/a "Dollar General 9867", Dollar General # 9867, and X, Y, & Z Defendants will hereinafter be collectively referred to as "Defendants".

6.

On or about April 28, 2020, Plaintiff was shopping on an aisle at the Dollar General store owned and/or operated by Defendants, located at 4900 River Road in Columbus, Georgia, when she fell as a result of a crate that had been negligently left in the aisle floor. The claims and damages asserted herein arise out of said incident.

7.

Defendants are subject to the jurisdiction of this Court and venue is proper.

## II.  OPERATIVE FACTS

### 8.

At all times referenced herein, Plaintiff was an invitee of the Defendants.

### 9.

On April 28, 2020, Plaintiff went to the Dollar General store owned and operated by Defendants located at 4900 River Road in Columbus, Georgia to go shopping and/or purchase items from said store.

### 10.

While inside the subject store on the above-referenced date, Plaintiff was shopping on one of the store's aisles when she fell as a result of a crate/tote that had negligently been left on the aisle floor.

### 11.

On the date of her fall, there no type of warning alerting Plaintiff of an actual or potential hazard in the area where Plaintiff fell.

### 12.

Defendants, including its/their agents, partners, and/or employees were responsible for keeping its premises and approaches safe for its/their invitees, including, but not limited to, Plaintiff.

### 13.

Before and at the time of the Plaintiff's fall, Defendants, its/their agents, representatives, and/or employees had constructive and/or actual knowledge of the hazardous condition that caused Plaintiff's fall.

3

14.

Before and at the time of the Plaintiff's fall, Defendants, its/their agents, representatives, and/or employees had superior constructive and/or actual knowledge of the hazardous condition that caused Plaintiff's fall.

15.

Because of the hazardous condition caused by Defendant's negligence, Plaintiff fell, and suffered severe and painful injuries to her body, which required medical attention.

## III.   LIABILITY OF THE DEFENDANT

16.

Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

17.

Defendants failed to maintain a safe premises in violation of O.C.G.A. § 51-3-1, and other safety laws, codes, and standards.

18.

Defendants were negligent, and said negligence directly and proximately caused Plaintiff's injuries through its conduct, including, but not limited to:

1. Tortiously failing to take reasonable precautions to safeguard and protect invitees who traversed its premises;

2. Tortiously failing to implement and/or comply with reasonable policies and/or procedures to safeguard and protect invitees who traversed its premises;

3. Tortiously failing to properly train and supervise their employees in the appropriate manner to safeguard and protect invitees who traversed Defendants' premises;

4

4.   Under the doctrine of respondeat superior for the tortious acts and omissions of their
     agents and employees, as set forth herein.

## IV.   DAMAGES CLAIMED

19.

The damages claimed by the Plaintiff were proximately caused by the tortious acts and omissions of Defendants, its/their agents and/or employees.

20.

The acts of Defendants, its/their agents and/or employees were willful and wanton, and showed such callous indifference to the rights of others that punitive damages should be imposed in an amount to be determined by a jury.

21.

Plaintiff claims damages as follows:

1.   Compensatory damages for all components of the physical pain and suffering
     endured by the Plaintiff upon impact and through the present, and into the future;

2.   Special damages for medical expenses, past, present and future; and

3.   Punitive Damages in an amount sufficient to deter Defendant from such willful and
     wanton tortious conduct in the future.

## V.   PRAYER FOR RELIEF

22.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.   That Summons be issued requiring Defendants to appear as provided by law to

answer this Complaint;

2.    That Plaintiff have a trial by jury;

3.    That Plaintiff recover damages for her mental and physical suffering, special damages for her medical expenses (past, present and future), all as permitted under Georgia law;

4.    Plaintiff claims punitive damages against Defendants in an amount to be determined by the enlightened conscious of the jury;

5.    For reasonable attorneys' fees and costs should Defendants be stubbornly litigious;

6.    For such other and further relief as is allowed by law and as the Court may deem just and proper.


This 21st day of March, 2022.

**LAW OFFICES OF GARY BRUCE, P.C.**

/s/ *Gary O. Bruce*
Gary O. Bruce
Georgia Bar No.: 090266

912 Second Avenue
Columbus, Georgia 31901
706-596-1446


**PHILIPS BRANCH & HODGES**

/s/ *Brian M. Worstell*
Ben B. Philips
Georgia Bar No.: 575550
Brian M. Worstell
Georgia Bar No.: 553750

105 13th St., Suite B.
P.O. Box 2808
Columbus, GA 31902
706-323-6461

*Attorneys for Plaintiff*

6

🔥 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU2022CV000726**

MAR 22, 2022 08:58 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

### IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY
### STATE OF GEORGIA

**MARILYN BROCK,**

**Plaintiff,**

vs.

**DOLLAR GENERAL CORPORATION, Individually, and/or d/b/a "DOLLAR GENERAL # 9867"; DOLLAR GENERAL # 9867; and X, Y, & Z DEFENDANTS, whose true names are currently unknown to Plaintiff,**

**Defendants.**

**CIVIL ACTION
FILE NO. _____**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

TO:   DOLLAR GENERAL CORPORATION

COMES NOW the Plaintiff and serves these Requests for Admission upon the named Defendant and requests that they be fully admitted in writing and under oath within forty-five (45) days of the date of service. These Requests for Admission are served pursuant to the Georgia Civil Practice Act and are served pursuant to O.C.G.A. 9-11-26 and 9-11-36.

EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR OBJECTION TO SUCH MATTER.

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should

1

Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by Plaintiff in making that proof, including reasonable attorney fees.   The matters requested admitted are the following:

1.

Please admit that this Defendant has been properly served with process in this action.

2.

Please admit that this Defendant raises no defenses as to insufficiency of process in this action.

3.

Please admit that this Defendant's negligence caused the Plaintiff's fall in this case.

4.

Please admit that this Defendant's negligence caused the Plaintiff's injuries.

5.

Please admit that this Court has jurisdiction over this Defendant, and that venue is proper in this County.

6.

Please admit that on the day in question, April 28, 2020, Plaintiff was an invitee of Defendant.

7.

Please admit that prior to the subject incident that is the basis of this lawsuit, Defendant knew that a crate/tote had been left on the aisle floor of its store located at 4900 River Road, Columbus, Georgia.

2

8.

Please admit that on the day in question, Plaintiff tripped and fell over a crate/tote that had been placed in the aisle by Defendant, its agent, representative, and/or employee.

9.

Please admit that this Defendant operates the Dollar General #9867 located at 4900 River Road, Columbus, Muscogee County, Georgia.

10.

Please admit that this Defendant is the employer of the persons working at the Dollar General #9867 located at 4900 River Road, Columbus, Muscogee County, Georgia.

11.

Please admit that the trip and fall by Plaintiff giving rise to this action occurred on April 28, 2020, at the Dollar General located at 4900 River Road, Columbus, Muscogee County, Georgia.

12.

Please admit that this Defendant had an office and transacts business in Columbus, Muscogee County, Georgia.

This 21st day of March, 2022.

**LAW OFFICES OF GARY BRUCE, P.C.**

*/s/ Gary O. Bruce*
Gary O. Bruce
Georgia Bar No.: 090266

912 Second Avenue
Columbus, Georgia 31901
706-596-1446

3

PHILIPS BRANCH & HODGES

_/s/ Brian M. Worstell_
Ben B. Philips
Georgia Bar No.: 575550
Brian M. Worstell
Georgia Bar No.: 553750

105 13th St., Suite B.
P.O. Box 2808
Columbus, GA 31902
706-323-6461

*Attorneys for Plaintiff*

4

✎ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU2022CV000726**

MAR 22, 2022 08:58 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

## IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY
## STATE OF GEORGIA

**MARILYN BROCK,**

      **Plaintiff,**

    **vs.**

**DOLLAR GENERAL CORPORATION,
Individually, and/or d/b/a "DOLLAR GENERAL
# 9867"; DOLLAR GENERAL # 9867; and
X, Y, & Z DEFENDANTS, whose true names
are currently unknown to Plaintiff,**

      **Defendants.**

**CIVIL ACTION
FILE NO. _____**

---

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND
### REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT DOLLAR GENERAL CORPORATION

TO:    DOLLAR GENERAL CORPORATION

#### A.

If these Interrogatories are directed to more than one Defendant, then each Defendant to

which they are directed is required to respond, and the instructions provided herein apply

specifically and separately to each such Defendant.

#### B.

You are hereby required to answer the Interrogatories which are attached hereto,

separately and fully in writing under oath, within thirty (30) days of service of same, or if said

Interrogatories are served with the complaint in the above-named action, then within forty-five

(45) days of service of same.

#### C.

(1)    You are under a duty seasonably to supplement your response with respect to any

1

question directly addressed to:

      (a)     The identity and location of persons having knowledge of discoverable matters; and

      (b)     The identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

    (2)    You are under a duty seasonably to amend a prior response if you obtain information upon the basis of which:

      (a)     You know that the response was incorrect when made; or

      (b)     You know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

    (3)    You are under a duty seasonably to otherwise amend or supplement your responses as required by law.

## DEFINITIONS

The following definitions apply throughout Plaintiff's First Continuing Interrogatories and internally within the text of these definitions.

    1.    "Person" or "individual" means any individual, firm, corporation, or other entity.

    2.    "You" means each specific Defendant to which these Interrogatories are addressed, and all agents, employees and representatives of each such Defendant.

3.     "Document" means every writing or record of every type and description that is or has been in the possession, custody or control of each such Defendant, or of which each such Defendant has knowledge, including without limitation, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, maps, reports, surveys, minutes, statistical compilations, microfilm or microfiche; every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

4.     "Date" means the exact day, month and year, if ascertainable, or, if not ascertainable, the best approximation each such Defendant is capable of making (including relationship to other events).

5.     When asked to "identify" or provide the "identity" of a person or persons, the following information should be provided with respect to each such person:

    (a)     The person's full name;

    (b)     The person's last known business address;

    (c)     The person's last known home address;

    (d)     The person's last known business phone number;

    (e)     The person's last known home phone number;

    (f)     The name and address of the person's last known employer;

    (g)     The person's last known title, position, business or employment; and

    (h)     The person's whereabouts.

6.     "Specify" as used in connection with any document, picture, diary or object of any kind or nature requires that you provide the following information with respect to each such item:

3

(a)     A title of the subject with sufficient particularity to permit its identification including make, model, serial number or other information that may be pertinent;

(b)     The identity of each person who prepared or participated in the preparation of each document, picture, diary or statement;

(c)     The date on which each such document, statement, picture or diary was prepared;

(d)     The identity of each person who received or obtained a copy of each such document, picture, diary or statement; and

(e)     The identity of each person or persons having present possession, custody or control of each such item and all copies thereof.

7.     When asked to "describe" or provide a "description" of any act, occurrence, omission, or series of acts, occurrences or omissions, provide the following information:

(a)     The identity of each and every person in any manner involved in the act, occurrence, omission or series of acts, occurrences or omissions;

(b)     The date or dates of each and every act, occurrence or omission; and

(c)     A description of each and every document or subject involved in, related to, or descriptive of the act, occurrence or omission or series of acts, occurrences or omissions.

## **INTERROGATORIES**

1.

State the name, address, age, and present place of employment of the person answering these Interrogatories, and state the place where these Interrogatories are being answered and the names and present places of employment of each person present when these Interrogatories are being answered.

4

2.

Were you aware, prior to the filing of the Complaint in this action, that the Plaintiff fell and was injured at your store located at 4900 River Road, Columbus, Georgia, on or about April 28, 2020?

3.

Did you receive notice of the subject fall from any person, including any of your agents and/or employees, and if so, state the date, time, and place you received the notice, whether the notice was written or oral, and if written, the name and address of the person who now has custody of said notice. If oral, what was the substance of said notice? Please produce and attach a copy of each written notice to your answers to these Interrogatories.

4.

Were there any employees or other persons on duty at the time, or in the area where Plaintiff fell; if so, for each separate person, state their name and address and their location at the subject store at the time of the incident. Please specifically state the name of any store managers on duty at the time of the Plaintiff's fall.

5.

Specify and describe whether you had insurance that affords protection for indemnity and liability pursuant to the laws of Georgia, and if so, please specify the persons providing such insurance and the limits of said insurance, and produce a copy of any document relating to such insurance.

6.

Please describe in detail the crate/tote that caused Plaintiff to fall. Produce a copy of the video recording of same.

5

7.

Plaintiff alleges that the presence of a crate/tote on the floor of the subject store caused her to fall and injure herself. Do you contend that the presence of such crate/tote did not cause Plaintiff to fall, and if so, state what you otherwise contend caused Plaintiff to fall and on what facts you base this contention.

8.

At the time and place of Plaintiff's fall, were you, and/or any of your agents and/or employees, aware of the presence of a crate/tote on the floor of the subject store in the area where Plaintiff fell? When did you or your employees become aware of this condition?

9.

If your answer to the prior Interrogatory was in any way affirmative, for each person who was aware of the presence of such substance described in Interrogatory No. 8 above, state:

(a)     their name;

(b)     the circumstances from which they received such notice;

(c)     the time and place they received such notice;

(d)     a description of the notice received;

(e)     whether any person informed them of its presence, and if so, the name, or other means of identification, and address of each person who informed them;

(f)     whether they took any action as a result of such notice, and if so, a description of the action that was taken, and the time at which it was taken;

(g)     the name of the person who placed and/or removed the crate from the area of Plaintiff's fall.

6

10.

Do you have a company policy specifying how often company employees shall inspect your premises for hazardous conditions?  Please specify said policy.  Produce and attach a copy of said policy to your answers to these Interrogatories.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

11.

On the date of Plaintiff's fall, please name the specific employee(s) whose duty it was to implement the policy described above in the foregoing Interrogatory.

12.

Has any other fall occurred (alleged or otherwise) at any time at the premises in question for a similar reason as is alleged in this case (items obstructing the walkway)?

13.

If so, for each fall and/or accident, state:

(a)     The date and time it occurred;

(b)     A description of how it occurred;

(c)     The name, or other means of identification, and address of the person to whom it occurred;

(d)     The location in which it occurred;

(e)     Whether any safety precaution was taken as a result of it, and, if so, a description of such safety precaution;

(f)     Whether any action at all was taken as a result of said fall.

7

14.

After Plaintiff's fall, please identify and provide all last known contact information for any and all of your agents and/or employees who assisted Plaintiff, inspected the location where she fell, and/or participated in any aspect of the claims and events that are the subject of the instant lawsuit, and describe what such employee found, saw, or said as a result of such inspection and assistance. Please also state whether such responsive person is currently an agent and/or employee of this Defendant.

15.

State the names, ages, addresses, telephone numbers and places of employment of all persons known to you who have any knowledge relating to any information, fact, or circumstance pertinent to the incident giving rise to this lawsuit, and for each such person, please state the knowledge they have.

16.

Please describe any photograph, video, motion picture, survey, chart, plat, drawings or diagrams that relate in any way to the incident giving rise to this case and please state the name, address, place of employment, and present whereabouts of the person or persons who have custody or control of such item.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

17.

Please state the name, address, telephone number, and place of employment of any person from whom you, your counsel, agents, servants, employees, representatives, or other

8

persons acting on your behalf have obtained any oral statement and with regard to any such statement, please state when it was taken, a general summary of its contents, and the name and address of the person who has custody and control of any summarization of each such statement.

18.

Please state the name, address, and telephone number and place of employment of any person from whom you, your counsel, agent, servant, employee, representative, or other persons acting on your behalf have obtained any written statement.   (For the purpose of this Interrogatory, a written statement is one which is signed or otherwise adopted or approved by the person making it, a stenographic, mechanical, electrical, or other recording or transcript thereof, which is substantially a verbatim recital of an oral statement by the person making it and contemporaneously recorded.)  With regard to any such statement, please state when it was taken, a general summary of its contents, and the name and address of the person who has custody or control of any summarization of such statement.

19.

Please state the names and present addresses of each person who has investigated or who has been requested by you or your attorney or your insurance company to investigate or render an opinion (whether an expert opinion or lay opinion) with respect to the incident or with respect to any other matter relating to the claim in this case.

20.

Please give the name, address, and office of every person who has participated in the investigation of this case for you or on your behalf not mentioned in the answer to your responses to the preceding Interrogatories.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these**

9

**Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

21.

If you contend that the Plaintiff was negligent in any way, please state each act of negligence you contend the Plaintiff was guilty of, and which proximately contributed to cause the incident and specifically, each statute and ordinance you claim the Plaintiff violated.

22.

Please identify each and every witness who has any knowledge relevant to the claim of this Plaintiff that you "may" call as a witness at trial, giving each of their last known addresses, phone numbers, and a brief description of such witnesses' knowledge and expected testimony.

23.

Do you have any policies and/or procedures with respect to maintaining clear or unobstructed aisleways in your stores? If so, please describe said policy and/or procedure in detail.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

24.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

(a)     Identify the subject matter of which the person is expected to testify;

(b)     Identify the substance of the facts and opinions as to which he or she is expected

10

to testify;

(c)     Summarize the grounds for such opinions; and

(d)     Identify all documents and professional references upon which such person may base his or her testimony and opinions.

25.

Please state in detail each and every conversation Plaintiff had with any employee or agent of Defendant at any time, to include:

(a)     The date of each said conversation;

(b)     The name of the employee having each said conversation;

(c)     The substance of each conversation;

(d)     Any actions taken as a result of each said conversation;

(e)     Whether such conversation was reduced to writing, transcribed, or recorded by any method.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

26.

Have you ever been a Defendant in a civil lawsuit involving any claims similar to those set forth in Plaintiff's Complaint in this matter?  If so, state the names of the parties to the lawsuit, the court in which the lawsuit was filed, the date of filing, the nature of the litigation, and the ultimate resolution of the action, i.e., the amounts paid in settlement or any amounts rendered in judgment of such litigation.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these**

11

Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.

27.

Please list the name of all Plaintiffs, the civil action number, court, county, State, and Plaintiff's attorney's name, address, and phone number for every lawsuit filed against this Defendant alleging trip and fall injury from 2012 – present. For each such case listed, please state how each case was resolved, i.e., by verdict or settlement. For each case resolved by verdict, please state the amount of such verdict. For cases that were settled, please provide the amount of such settlement.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

28.

Was any meeting held at which any complaint, problem, or question about the subject matter of this action was discussed? If so, for each meeting, state the date and place it was held; the name and address of the person who convened it and the capacity in which he acted; the name and address of each person present; the purpose for which it was held; an account of the discussion held in connection with each occurrence complained of in this action; and whether any written memoranda or minutes were made, and identify the person having present custody of such minutes or memoranda.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

12

29.

Do you contend that any person, firm, or corporation other than you was responsible in whole or in part for causing or contributing to the wrongful acts alleged in the Complaint filed in this matter, either by actions undertaken or by failures to act, and if so, for each such person, please state his, her, or its name, address, and job title or capacity, the relevant facts upon which you base your contention with respect to each such person, and identify any relevant documents that support or form the basis of your contention.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

30.

Please describe in detail all training, supervision, and instruction given to your agents and/or employees and all policies, protocols, instructions, handbooks, etc. promulgated by on behalf of you concerning the keeping of your premises and approaches safe, especially with respect to keeping the floors of your stores clean and/or unobstructed.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

31.

Please identify all policies/procedures of Defendant that were in effect in 2020 that may have been violated with respect to Plaintiff as a result of the subject incident.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this**

**Interrogatory.**

32.

Please identify all management, supervisory personnel, and/or any other employee/agent of Defendant, whether in the subject store or not, who had knowledge of any of the incidents which form the basis of this suit. For each such individual, please state:

(a)    When the person received knowledge of the subject incident;

(b)    From whom such person received such knowledge, and

(c)    The action taken in response to the incident by each such person having knowledge of the same.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

33.

Please state whether any individual was ever disciplined in any manner by this Defendant or any employee of this Defendant for the incident. If your answer is affirmative, please identify all such individuals and describe the nature of such discipline.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

34.

Please identify all documents, and identify to whom they were directed and/or copied, and their present custodian, that discuss or refer to Plaintiff of that relate to any issue pending in this lawsuit.

14

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

35.

Identify all persons or entities with whom this Defendant communicated in any way about Plaintiff or the subject incident, state the substance of all such communications, the date of such communications, and the purpose of all such communications.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

36.

Please state whether this Defendant was the owner of the subject store in question or if this Defendant only rented or leased said store.  If the latter, please provide the following information:

    (a)    The name of the person or entity from whom this Defendant rented or leased; and

    (b)    Please describe in detail any and all documents evidencing or relating in any way to the renting or lease of the subject store/building.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

You are requested to produce for inspection and copying by the Plaintiff at the offices of Philips, Branch & Hodges, 105 Thirteenth Street, Suite B, P.O. Box 2808 (31902) Columbus, Georgia, 31901, all of the documents specified in your answers to these Interrogatories within thirty (30) days of service of same, or if said Interrogatories are served with the complaint in the above-named action, then within forty-five (45) days of service of same. You are authorized to submit true and correct copies of any such documents or tangible things with your answers to these Interrogatories accompanied by a certification by you or your attorney issued under oath that said copies are complete and are true and correct.

If privilege is claimed as to any document otherwise covered by this Request for Production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to be accorded privileged status. Specifically, state (a) the document□s sender or author, recipient, date, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; and (b) the basis upon which you claim the privilege. This Request for Production seeks inspection and copying of documents in the possession of Defendant and its agents and attorneys, including both copies and originals, unless otherwise specifically stated.

In addition to any documents and/or things described in response to Interrogatories, the following documents are requested to be produced:

## REQUESTS FOR PRODUCTION

1.

A true, accurate, and authentic copy of your entire file relating to the incident which forms the basis of this action or in any way relates to the Plaintiff.

2.

The <u>original</u> or a certified copy of any and all documents generated at any time by any employee of Defendant in regard to the incident forming the basis of Plaintiff's Complaint, including, but not limited to, any and all incident reports.

3.

The <u>original</u> of any and all records generated by <u>any</u> entity in regard to the incident involving Plaintiff.

4.

The <u>original</u> of any and all records or policies pertaining to compliance with cleaning procedures for the store in question.

5.

The <u>original</u> of any and all photographs/video of the subject aisle where Plaintiff fell located at the subject store in Columbus, Muscogee County, Georgia, taken at any time before or after the incident involving Plaintiff.

6.

The <u>original</u> of the complete "master" personnel files of all employees involved in maintaining, or cleaning the aisle where the incident involving Plaintiff occurred, or who were eyewitnesses to the incident with Plaintiff, including but not limited to: personal references, health statements, history of previous employment, application for employment, payroll and attendance files, and any other documents of any nature that have been generated and in said file from date of employment to present date.

7.

The applicable 2020 Employee Handbook for any employee or agent of Defendant that had any involvement whatsoever with the incident that forms the basis of the Complaint.

8.

Copies of any correspondence between Defendant and any third party regarding Plaintiff and/or the subject incident.

9.

The original or a certified copy of each and every policy of liability insurance identified in Defendant's answers to Plaintiff's Interrogatories as well as the original or a complete certified copy of all policies of insurance, to include the Declarations page, which do or may afford liability insurance coverage to Defendant in this case, including primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage.

10.

The original or a certified copy of each and every written or recorded statement or report concerning the investigation of each expert witness expected to be called as an expert upon the trial of this matter.

11.

The original or certified copy of each and every written statement or transcript of recorded statements discussing the facts and/or circumstances of the incident which is the subject matter of this litigation.

12.

The original or duplicated/reprinted copy of each and every video, photograph, diagram, sketch, or other pictorial representation concerning the events and happenings alleged in

18

Plaintiff's Complaint.

13.

Copies of any and all letters sent from anyone to Plaintiff on Defendant's behalf.

14.

Any and all protocols, policies, or books in effect for the years 2020 through the present in regard to how to keep this Defendant's premises and approaches safe, including, but not limited to: proper cleaning, inspection, and/or maintenance of this Defendant's store aisles.

15.

Any and all emails, communications, letters, telephone calls, notes, or any other writings by any person made to Plaintiff or to any other person or entity at any time by anyone on behalf of Defendant about the incident, or any matter related in any way to any aspect of the subject incident which forms the basis of the Complaint at any time, including, but not limited to: statements of any kind, including written, oral, and/or tape recorded, or statements that have been reduced to writing.

16.

A detailed (to scale) diagram, blueprint and/or drawing of the floor plan of the subject store as it existed on April 28, 2020.

17.

All documents, protocols, policies, contracts, etc. evidencing the relationship between this Defendant and any other entity who allegedly owned the subject store.

18.

Any document used as a basis for and/or responsive to your responses to Plaintiff's First Interrogatories to this Defendant.

19

21.

Please produce copies of all photographs and/or videos taken of Plaintiff at the subject store on the day of the incident in question (April 28, 2020), or at any other time for any other reason.

22.

Please produce the personnel files, including any and all documents demonstrating or documenting any and all training each employee has undergone or underwent while employed by Defendant at any time, for the following employees: any agent and/or employee of this Defendant that came into contact with the Plaintiff on the day in question or has had any responsibility for or connection to any aspect of the incident which is the basis of Plaintiff's Complaint.

This 21st day of March, 2022.

**LAW OFFICES OF GARY BRUCE, P.C.**

912 Second Avenue
Columbus, Georgia 31901
706-596-1446

*/s/ Gary O. Bruce*
Gary O. Bruce
Georgia Bar No.: 090266

**PHILIPS BRANCH & HODGES**

*/s/ Brian M. Worstell*
Ben B. Philips
Georgia Bar No.: 575550
Brian M. Worstell
Georgia Bar No.: 553750

105 13th St., Suite B.
P.O. Box 2808
Columbus, GA 31902
706-323-6461

*Attorneys for Plaintiff*

20

# EXHIBIT "B"

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU2022CV000726**

APR 22, 2022 11:19 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY
## STATE OF GEORGIA

MARILYN BROCK,

                  Plaintiff,

v.

DOLLAR GENERAL CORPORATION,
Individually, and/or d/b/a "DOLLAR
GENERAL#9867; DOLLAR GENERAL
#9867; and X, Y, & Z DEFENDANTS,
whose true names are currently unknown
to Plaintiff,

                  Defendants.

Civil Action File No.: SU2022CV000726

## ANSWER AND DEFENSES OF DEFENDANT DOLLAR GENERAL CORPORATION AND SPECIAL APPEARANCE ANSWER OF DOLLAR GENERAL #9867 TO PLAINTIFF'S COMPLAINT

COME NOW, Defendant Dollar General Corporation (improperly named as "Dollar General Corporation, Individually, and/or d/b/a 'Dollar General #9867'", (hereinafter referred to as "DGC") and, appearing specially, Dollar General #9867, and timely files this, their Answer and Defenses to Plaintiff's Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

DGC is not a proper party to this action.

### SECOND DEFENSE

Dollar General #9867 is not a valid existing legal entity capable of being sued.

### THIRD DEFENSE

To the extent applicable, Dollar General #9867 asserts the defenses of

insufficiency of process, insufficiency of service of process and lack of personal jurisdiction.

## **FOURTH DEFENSE**

This Honorable Court does not represent a proper venue as to DGC.

## **FIFTH DEFENSE**

To the extent applicable, this Complaint is barred by the statute of limitations.

## **SIXTH DEFENSE**

Plaintiff's recovery against DGC and Dollar General #9867 is barred because DGC and Dollar General #9867 owed no duty to Plaintiff as alleged in Plaintiff's Complaint or otherwise.

## **SEVENTH DEFENSE**

DGC and Dollar General #9867 are not liable to Plaintiff because DGC and Dollar General #9867 breached no duty owed to Plaintiff regarding the occurrence giving rise in Plaintiff's Complaint or otherwise.

## **EIGHTH DEFENSE**

No act or omission on the part of DGC or Dollar General #9867 was the proximate cause of the injuries or damages sought by way of Plaintiff's Complaint and therefore Plaintiff's recovery of those injuries and damages is barred.

## **NINTH DEFENSE**

To the extent that any hazardous condition existed on the premises referenced in Plaintiff's Complaint, such condition was open and obvious to Plaintiff and therefore Plaintiff's recovery is barred.

## TENTH DEFENSE

To the extent the damages sought by way of Plaintiff's Complaint were the result of Plaintiff's comparative and/or contributory negligence, Plaintiff's recovery against DGC and Dollar General #9867 is barred or should be reduced by the proportion of her negligence.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover from DGC and Dollar General #9867 because Plaintiff's knowledge of the alleged hazard was at least equal to any knowledge of DGC and Dollar General #9867.

## TWELFTH DEFENSE

Plaintiff's Complaint fails to itemize special damages as required by O.C.G.A. 9-11-9(g) and therefore recovery of those damages is barred.

Without waiving any of the foregoing defenses and incorporating each as if set forth herein verbatim, DGC and Dollar General #9867 respond to the allegations contained in Plaintiff's Complaint as follows:

## RESPONSE TO "PARTIES, JURISDICTION and VENUE"

1.

DGC and Dollar General #9867 are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

2.

DGC and Dollar General #9867 deny that DGC has an office or conducts business in Columbus, Muscogee County, Georgia.  The remaining allegations contained in Paragraph 2

of Plaintiff's Complaint are admitted.

3.

DGC and Dollar General #9867 deny, as pleaded, the allegations of Paragraph 3 of Plaintiff's Complaint.

4.

DGC and Dollar General #9867 are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

5.

The allegations contained in Paragraph 5 of Plaintiff's Complaint do not appear to require a response from Defendants DGC and Dollar General #9867.  To the extent a response is required, Defendants DGC and Dollar General #9867 admit that Plaintiff intends to refer to all defendants, known and fictitious, as Defendants.

6.

DGC and Dollar General #9867 admit Plaintiff alleges she fell in a Dollar General store in April 2020; however, the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied, as stated.

7.

DGC and Dollar General #9867 admit DGC is subject to the jurisdiction of this Court; however, the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied

## RESPONSE TO "OPERATIVE FACTS"

### 8. – 9.

DGC and Dollar General #9867 deny, as pleaded, the allegations of Paragraphs 8 and 9 of Plaintiff's Complaint.

### 10. – 11.

DGC and Dollar General #9867 are currently without knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraphs 10 and 11 of Plaintiff's Complaint, and, therefore, cannot admit or deny the same.

### 12. – 15.

DGC and Dollar General #9867 deny, as pleaded, the allegations of Paragraphs 12 through 15 of Plaintiff's Complaint.

## RESPONSE TO "LIABILITY OF THE DEFENDANT"

### 16.

DGC and Dollar General #9867 adopt and incorporate their answers and defenses to Paragraphs 1 through 15 of Plaintiff's Complaint as if fully set forth herein.

### 17. – 18.

DGC and Dollar General #9867 deny, as pleaded, the allegations of Paragraphs 17 and 18 of Plaintiff's Complaint.

## RESPONSE TO "DAMAGES CLAIMED"

### 19. – 20.

DGC and Dollar General #9867 deny, as pleaded, the allegations of Paragraphs 19

and 20 of Plaintiff's Complaint.

21.

DGC and Dollar General #9867 admit Plaintiff seeks the recovery of money damages, but specifically deny that they are liable to Plaintiff for her claimed injuries and damages.

**RESPONSE TO "PRAYER FOR RELIEF"**

22.

The allegations contained in Paragraph 22 of Plaintiff's Complaint do not appear to require a response from Defendants DGC and Dollar General #9867.  To the extent a response is required, Defendants DGC and Dollar General #9867 deny they are liable to Plaintiff for her claimed injuries and damages.

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's *ad damnum* and all subparts, are hereby denied.

**DGC DEMANDS A TRIAL BY TWELVE-MEMBER JURY.**

This 22nd day of April, 2022.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*
_____

Erica L. Morton, Esq.
Georgia Bar No.: 140869
Brianna S. Tucker, Esq.
Georgia Bar No.: 109297
*Attorneys for Defendant Dollar General Corporation and Dollar General #9867*

-6-

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

## IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY
## STATE OF GEORGIA

MARILYN BROCK,

                    Plaintiff,

v.                                                    Civil Action File No.: SU2022CV000726

DOLLAR GENERAL CORPORATION,
Individually, and/or d/b/a "DOLLAR
GENERAL#9867; DOLLAR GENERAL
#9867; and X, Y, & Z DEFENDANTS,
whose true names are currently unknown
to Plaintiff,

                    Defendants.

## CERTIFICATE OF SERVICE

This is to certify that I have this date served counsel for the opposing party in the

foregoing matter with a copy of *Answer and Defenses of Defendant Dollar General*

*Corporation and Special Appearance Answer of Dollar General #9867 to Plaintiff's*

*Complaint* via e-file, e-mail and/or by mailing to the following addresses with sufficient

postage affixed thereto:

Gary O. Bruce, Esq.
LAW OFFICES OF GARY BRUCE, P.C.
912 Second Avenue
Columbus, GA 31901
Email: gary@garybrucelaw.net

Ben B. Philips, Esq.
Brian Worstell, Esq.
PHILIPS BRANCH & HODGES
P.O. Box 2808
Columbus, GA 31902
Email: ben@philips-branch.com
Email: brian@philips-branch.com

-8-

This 22nd day of April, 2022.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

_____

Erica L. Morton, Esq.
Georgia Bar No.: 140869
Brianna S. Tucker, Esq.
Georgia Bar No.: 1092972
*Attorneys for Defendant Dollar General*
*Corporation and Dollar General #9867*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

# EXHIBIT "C"

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU2022CV000726**

APR 26, 2022 12:39 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

MARILYN BROCK,

                  Plaintiff,

v.

                  Civil Action File No.: SU2022CV000726

DOLLAR GENERAL CORPORATION,
Individually, and/or d/b/a "DOLLAR
GENERAL#9867; DOLLAR GENERAL
#9867; and X, Y, & Z DEFENDANTS,
whose true names are currently unknown
to Plaintiff,

                  Defendants.

## ORDER SUBSTITUTING PARTY DEFENDANT

IT APPEARING to the Court that the proper Defendant in this matter is Dolgencorp, LLC, rather than Dollar General Corporation, that the parties consent to said substitution and that the undersigned counsel for Dolgencorp, LLC agrees to acknowledge service of process on its behalf,

IT IS HEREBY ORDERED that Dolgencorp, LLC is substituted as the Defendant in place and in lieu of "Dollar General Corporation, Individually, and/or d/b/a Dollar General #9867." Dollar General Corporation is dismissed without prejudice and Dolgencorp, LLC is added as party defendant. The Court further ORDERS Dollar General #9867 is also dismissed without prejudice. Plaintiff shall file an Amended Complaint to reflect the change in party defendant and provide a service copy to all parties within 30 days of this Order. Counsel for Dolgencorp, LLC shall acknowledge service of the Amended Complaint.

*(Continued on following page)*

IT IS FURTHER ORDERED that the case style shall be updated to reflect the contents of this Order.

IT IS SO ORDERED this 26th day of _____April_____, 2022.

_____
Hon. Ron Mullins
Judge, Superior Court of Muscogee County

**_Order Prepared By:_**
Erica L. Morton, Esq.
Georgia Bar No.: 140869
Brianna S. Tucker, Esq.
Georgia Bar No.: 109297
*Attorneys for Dollar General Corporation,*
*Dollar General #9867, & Dolgencorp, LLC*
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

4890-3708-6237, v. 1

# EXHIBIT "D"

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU2022CV000726**

APR 26, 2022 01:24 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY
## STATE OF GEORGIA

**MARILYN BROCK,**

      **Plaintiff,**

    **vs.**

**DOLGENCORP, LLC, and X, Y, & Z DEFENDANTS, whose true names are currently unknown to Plaintiff,**

      **Defendants.**

**CIVIL ACTION
FILE NO. SU-2022-CV-726**

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff MARILYN BROCK, and files this her First Amended Complaint for damages against Defendants Dolgencorp, LLC, and X, Y, & Z Defendants, whose true names are currently unknown to Plaintiff, and alleges as follows:

### I.  PARTIES, JURISDICTION, and VENUE

1.

Plaintiff is a resident of Columbus, Muscogee County, Georgia, and subject to the jurisdiction of this Court.

2.

"Defendant Dolgencorp, LLC, is a foreign corporation registered to business in the state of Georgia. Defendant Dolgencorp, LLC can be served via its counsel of record.

3.

"X, Y, & Z Defendants", whose true names and identities are currently unknown to Plaintiff at this time, have committed torts against Plaintiff and can be served with a Second Amended Complaint and Summons once their true identity(ies) have been ascertained through discovery and/or through stipulation between counsel.

1

4.

Defendants Dolgencorp, LLC, and Y, & Z Defendants will hereinafter be collectively referred to as "Defendants".

5.

On or about April 28, 2020, Plaintiff was shopping on an aisle at the Dollar General store owned and/or operated by Defendants, located at 4900 River Road in Columbus, Georgia, when she fell as a result of a crate that had been negligently left in the aisle floor. The claims and damages asserted herein arise out of said incident.

6.

Defendants are subject to the jurisdiction of this Court and venue is proper.

## II.   **OPERATIVE FACTS**

7.

At all times referenced herein, Plaintiff was an invitee of the Defendants.

8.

On April 28, 2020, Plaintiff went to the Dollar General store owned and operated by Defendants located at 4900 River Road in Columbus, Georgia to go shopping and/or purchase items from said store.

9.

While inside the subject store on the above-referenced date, Plaintiff was shopping on one of the store's aisles when she fell as a result of a crate/tote that had negligently been left on the aisle floor.

2

10.

On the date of her fall, there no type of warning alerting Plaintiff of an actual or potential hazard in the area where Plaintiff fell.

11.

Defendants, including its/their agents, partners, and/or employees were responsible for keeping its premises and approaches safe for its/their invitees, including, but not limited to, Plaintiff.

12.

Before and at the time of the Plaintiff's fall, Defendants, its/their agents, representatives, and/or employees had constructive and/or actual knowledge of the hazardous condition that caused Plaintiff's fall.

13.

Before and at the time of the Plaintiff's fall, Defendants, its/their agents, representatives, and/or employees had superior constructive and/or actual knowledge of the hazardous condition that caused Plaintiff's fall.

14.

Because of the hazardous condition caused by Defendant's negligence, Plaintiff fell, and suffered severe and painful injuries to her body, which required medical attention.

### III.   <u>LIABILITY OF THE DEFENDANT</u>

15.

Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

16.

Defendants failed to maintain a safe premises in violation of O.C.G.A. § 51-3-1, and other safety laws, codes, and standards.

17.

Defendants were negligent, and said negligence directly and proximately caused Plaintiff's injuries through its conduct, including, but not limited to:

1.  Tortiously failing to take reasonable precautions to safeguard and protect invitees who traversed its premises;

2.  Tortiously failing to implement and/or comply with reasonable policies and/or procedures to safeguard and protect invitees who traversed its premises;

3.  Tortiously failing to properly train and supervise their employees in the appropriate manner to safeguard and protect invitees who traversed Defendants' premises;

4.  Under the doctrine of respondeat superior for the tortious acts and omissions of their agents and employees, as set forth herein.

### IV.   <u>DAMAGES CLAIMED</u>

18.

The damages claimed by the Plaintiff were proximately caused by the tortious acts and omissions of Defendants, its/their agents and/or employees.

19.

The acts of Defendants, its/their agents and/or employees were willful and wanton, and showed such callous indifference to the rights of others that punitive damages should be imposed in an amount to be determined by a jury.

20.

Plaintiff claims damages as follows:

1.  Compensatory damages for all components of the physical pain and suffering endured by the Plaintiff upon impact and through the present, and into the future;

2.  Special damages for medical expenses, past, present and future; and

3.  Punitive Damages in an amount sufficient to deter Defendant from such willful and wanton tortious conduct in the future.

## V.  **PRAYER FOR RELIEF**

21.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.  That Summons be issued requiring Defendants to appear as provided by law to answer this Complaint;

2.  That Plaintiff have a trial by jury;

3.  That Plaintiff recover damages for her mental and physical suffering, special damages for her medical expenses (past, present and future), all as permitted under Georgia law;

4.  Plaintiff claims punitive damages against Defendants in an amount to be determined by the enlightened conscious of the jury;

5.  For reasonable attorneys' fees and costs should Defendants be stubbornly litigious;

6.      For such other and further relief as is allowed by law and as the Court may deem

just and proper.


This 26th day of April, 2022.

LAW OFFICES OF GARY BRUCE, P.C.

/s/ Gary O. Bruce
912 Second Avenue                      Gary O. Bruce
Columbus, Georgia 31901                Georgia Bar No.: 090266
706-596-1446


PHILIPS BRANCH & HODGES

/s/ Brian M. Worstell
Ben B. Philips
Georgia Bar No.: 575550
Brian M. Worstell
Georgia Bar No.: 553750

105 13th St., Suite B.
P.O. Box 2808
Columbus, GA 31902
706-323-6461


*Attorneys for Plaintiff*

6

**IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **MARILYN BROCK,** | |
| **Plaintiff,** | **CIVIL ACTION**<br>**FILE NO. SU-2022-CV-726** |
| **vs.** | |
| **DOLGENCORP, LLC, and X, Y, & Z DEFENDANTS, whose true names are currently unknown to Plaintiff,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served counsel of the opposing parties in the foregoing matter with a copy of *Plaintiff's First Amended Complaint* via e-file, email, and/or by mailing to the following addresses with sufficient postage affixed thereto:

Ms. Erica L. Morton, Esq.
Brianna S. Tucker, Esq.
*Swift, Currie, McGhee & Heirs, LLP*
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

**PHILIPS BRANCH & HODGES**

*/s/ Brian M. Worstell*
Ben B. Philips
Georgia Bar No.: 575550
Brian M. Worstell
Georgia Bar No.: 553750

105 13th St., Suite B.
P.O. Box 2808
Columbus, GA 31902
706-323-6461

*Attorney for Plaintiff*

7

# EXHIBIT "E"

🖨 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU2022CV000726**

APR 28, 2022 05:16 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY**
**STATE OF GEORGIA**

MARILYN BROCK,

                Plaintiff,

v.                                         Civil Action File No.: SU2022CV000726

DOLGENCORP, LLC, and X, Y, & Z
DEFENDANTS, whose true names are
currently unknown to Plaintiff,

                Defendants.

## ACKNOWLEDGEMENT OF SERVICE

COMES NOW, Erica L. Morton, as attorney for Defendant Dolgencorp, LLC and hereby acknowledges receipt of Plaintiff's First Amended Complaint, Plaintiff's First Request for Admissions to Defendant, and Plaintiff's First Continuing Interrogatories and Request for Production of Documents to Defendant in the above-styled matter. Dolgencorp, LLC expressly waives personal service as contemplated by O.C.G.A. § 9-11-4, and also expressly acknowledges sufficient service of process of Plaintiff's First Amended Complaint. Dolgencorp, LLC expressly waives the threshold defenses of improper service and inadequate delivery of process but reserves all other defenses.

This 28th day of April, 2022.

                        Respectfully submitted,

                        SWIFT, CURRIE, MCGHEE & HIERS, LLP

                        ***/s/ Erica L. Morton***

                        Erica L. Morton, Esq.
                        Georgia Bar No.: 140869
                        *Attorney for Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

# EXHIBIT "F"



Gary O. Bruce*†
J. Brandon Snellings†
Mitchell B. Ladson
Kristen C. Saunders†
Cody M. Allen

*Board Certified Civil Trial Advocate
National Board of Trial Advocacy
†Licensed in Georgia and Alabama

GARY O. BRUCE, P.C.
912 Second Avenue
Columbus, Georgia 31901
Phone: 706.596.1446
Fax: 706.596.8627

Direct Dial: (706) 987-8354
Direct Email: mitch@garybrucelaw.net

January 5, 2021

Tina Silva Briley
Dollar General Risk Management
PO Box 1728
Goodlettsville, TN 37070

|  | RE: | My Client | : | Marilyn Brock |
|---|---|---|---|---|
|  |  | Your Insured | : | Dollar General |
|  |  | Claim No. | : | 202005918 |
|  |  | D/Injury | : | April 27, 2020 |

Dear Ms. Briley:

Enclosed you will find medical records, information regarding liability and other information which is supplied to you in an effort to resolve this case before the filing of a lawsuit. You should have all the materials you need; however, if there is additional information you would like to review, please do not hesitate to call my office. Your request must be reasonable and, unless authorized in writing by me, does not extend the time of this demand letter.

## LIABILITY

On April 27, 2020, this firm's client Marilyn Brock was an invitee at the Dollar General location at 4900 River Road, Columbus, Georgia, 31904. Ms. Brock was shopping and walking down the aisle searching for denture fixation cream. Dollar General, along with its employees or agents, negligently left a crate (or "tote") on the floor. No warning signs had been placed to apprise invitees like Ms. Brock of the presence of the crate. Ms. Brock fell on the tote and suffered the serious and permanent injuries described herein. A Dollar General employee responded to the scene and viewed video of the scene. This firm has sought video of the incident, which has not been produced.

Concerning premises liability cases, Georgia's Supreme Court has explained as follows:

"Premises liability lies at the intersection of tort law and property law. To recover on a theory of premises liability, a plaintiff must show injury caused by a hazard on an owner or occupier of land's premises or approaches that the owner or occupier

should have removed in the exercise of ordinary care for the safety of the invited public. When a premises liability cause of action is based on a "trip and fall" or "slip and fall" claim—and the lion's share of premises liability cases are—we have refined this general test down to two specific elements. The plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control."

Kroger Co. v. Schoenhoff, 324 Ga. App. 619, 619–20, 751 S.E.2d 438, 439–40 (2013)(citing the Georgia Supreme Court's decision in American Multi–Cinema, Inc. v. Brown, 285 Ga. 442, 444(2), 679 S.E.2d 25 (2009).

An owner's duties to invitees is also statutory. O.C.G.A. §51-3-1 provides as follows:

Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

(Emphasis added)

Dollar general had a statutory and common law duty to keep its aisles free and safe for traversal by Ms. Brock and similarly situated invitees.  By negligently failing to remove the crate, and failing to warn of the crate's presence, Dollar General breached its statutory duties. Dollar General's duty is non-delegable and cannot be pawned off on other entities such as cleaning crews or other independent contractors. Taylor v. AmericasMart Real Estate, LLC, 287 Ga. App. 555, 557, 651 S.E.2d 754, 757 (2007). Attempts to blame Ms. Brock for her fall are without merit.  The Georgia Supreme Court has held that an "invitee is not bound to avoid hazards not usually present on the premises and which the invitee, exercising ordinary care, did not observe, and the invitee is not required, in all circumstances, to look continuously at the floor, without intermission, for defects in the floor. Robinson v. Kroger Co., 268 Ga. 735, 741, 493 S.E.2d 403, 409 (1997). Moreover, under the "plain view" doctrine, an invitee has constructive knowledge of a hazard only when the hazard is "at a location where it is customarily found and can be expected to be, but which the invitee professes not to have seen prior to the fall." Carter v. Wal-Mart Stores E., L.P., 1:13-CV-01467-RWS, 2014 WL 11930619, at *4 (N.D. Ga. June 26, 2014)(citing Robinson).  Ms. Brock was entitled to expect a clean and safe floor.

Accordingly, Ms. Brock meets her burden under Georgia law, as Dollar General had actual or constructive knowledge of the dangerous crate in the aisle, and was actively negligent in placing the crate in the aisle. and Ms. Anderson could not have discovered that hazardous condition through the exercise of ordinary care.  As such, liability in this matter is clear.

## **MEDICAL TREATMENT**

Ms. Brock was 65 years old on the date of her injury. When she fell, her left humerus (just above the elbow) shattered on impact. Obviously, this was an acute and highly painful injury. She was transported from the scene by ambulance to Piedmont Columbus Regional Hospital in extreme pain. On April 27, 2020, x-rays revealed a comminuted and displaced supracondylar fracture of the distal left humerus. Ms. Brock was diagnosed with a left humeral capitellar shear fracture, along with a left lateral condyle fracture. This is an extremely rare and difficult fracture to treat. No trauma surgeon was available until April 30, 2019. She thus had to wait several days in excruciating pain before surgical intervention.

On April 30, 2019, Ms. Brock was able to see orthopedic specialist Dr. David Antekeier of The Hughston Clinic at Columbus Regional. Dr. Antekeier confirmed the diagnosis of a left capitellar shear fracture and left lateral condyle fracture. Due to the severity of the injury, Dr. Antekeier performed immediate emergency surgery that day. Specifically, open reduction and fixation procedures were performed of the capitellum and condyle, resulting in the placement of hardware (plates and screws) into Ms. Brock's body. At the time of the surgery, Dr. Antekeier immediately discussed the possibility of posttraumatic arthrosis, as well as the possible need for a total elbow replacement. There was also a discussion of avascular necrosis (which is the death of bone tissue due to a lack of bone supply) due to the severity of the fracture. She was placed into a splint and discharged.

A picture of her left arm demonstrating the severity and extent of Ms. Brock's injury is embedded below.



The bruising on her arm and wrist also demonstrates the nature of her fall and injury.

 

On May 7, 2020, Ms. Brock followed up with the Hughston Trauma center at 2000 10th Ave. in Columbus.  She was seen by trauma surgeon Dr. Robert Harris.  The sutures put in place during her surgery were still in place.  Dr. Floyd prescribed a hinged elbow brace and instructed Ms. Brock to follow up.  Ms. Brock followed up on May 14, 2020 with Dr. Harris.  Her sutures were removed.  On June 11, 2020, Ms. Brock followed up as instructed with Dr. Harris. Ms. Brock noted that she had remained in her hinged elbow brace since her prior visit.  She had complaints of continuing pain in the elbow area.  Dr. Harris continued to keep her non weight-bearing.  He prescribed range of motion exercises for her elbow.

On July 20, 2020 Ms. Brock presented to Piedmont Columbus Regional Midtown to begin physical therapy treatment. She received treatment such as therapeutic interventions and manual therapy. She attended a second visit on July 28, 2020 where her range of motion in the elbow was considered to be improved.

On July 30, 2020, Ms. Brock returned to Dr. Harris.  She had undergone two physical therapy visits.  She again had continuing pain in her elbow. Dr. Harris noted the presence of arthrofibrosis.  Arthrofibrosis is a complication of a trauma where excess scar tissue leads to a painful restriction of joint motion, in this case at the elbow.  The scar tissue forms within the joint and surrounding soft tissue spaces, and persists despite physical therapy. Dr. Harris noted this condition had slowed Ms. Brock's recovery.

On October 29, 2020, Ms. Brock followed up with Dr. Harris.  She was advised that she would develop post-traumatic arthritis in her arm and elbow.  The scarring on her arm will, of course, never go away.  It is expected to be a year before Ms. Brock can fully extend her elbow.  Her ability to perform day-to-day activities has permanently been impacted.

Copies of these medical records are enclosed herewith as Exhibit "A."

## MEDICAL SPECIALS

As a result of the injuries sustained in this incident, my client has incurred the following medical bills:

| Provider | Date of Service | Amount |
|---|---|---|
| 1. Emergency Group of Columbus | 4/27/20 | $935.00 |
| 1. Georgia Radiology Imaging Consultants | 4/27/20 | $853.00 |
| 3. Piedmont Columbus Regional Midtown | 4/30/20-7/28/20 | $17,683.00 |
| 4. Hughston at Midtown | 4/30/20 | $5,128.00 |
| 5. Amsol Anesthetists of Georgia | 4/30/20 | $8,717.50 |
| 6. Hughston Clinic | 5/7/20-10/30/20 | $809.03 |
| | **Total** | **$34,132.53** |

Copies of these medical bills are enclosed herewith as Exhibit "B."

## GENERAL DAMAGES

As you know, the most significant aspect of any case is the general damages or "pain and suffering" portion awarded by a jury. In this case, Ms. Brock will be entitled to recover for the interference with her normal living, interference with her enjoyment of life, her loss of capacity to earn and labor, the impact on her bodily health and vigor, her confinement, fear of the extent of injury, shock of impact, and actual pain and suffering, both past and future.

As you can see, Ms. Brock has suffered a permanent injury involving her left humerus. she now possesses a condition which will plague her activities for the remainder of her life. While it is difficult to place a monetary value on someone's "pain and suffering", the chart below is being provided as a potential valuation that could be presented to a Muscogee County jury on Ms. Brock's behalf.

As you may know, she is currently 66 years old with a life expectancy of another 19 years. The chart below is calculated by estimating a reasonable valuation for those waking hours during which Ms. Brock may experience suffering and limitation for the next 19 years which amounts to 104,025 hours (at fifteen waking hours per day). Please note that this valuation adds up to less than even minimum wage per hour and fails to include the discomfort or disruption Ms. Brock is likely to experience through her sleep as well. We believe that this is an initial and *conservative* estimate and may not reflect the complete damages sought at trial.

| Elements of Pain/Suffering | Rate of Measurement: | Amount |
|---|---|---|
| 1. Interference with normal living | $0.50/hour | $52,012.50 |
| 2. Interference with enjoyment of life | $0.50/hour | $52,012.50 |
| 3. Loss in capacity to labor and earn money | $0.15/hour | $15,603.75 |
| 4. Impairment of bodily health and vigor | $0.50/hour | $52,012.50 |

| 5. Confinement- Actual and fear of in the future | $0.10/hour | $10,402.50 |
|---|---|---|
| 6. Fear of extent of injury | $0.25/hour | $26,006.25 |
| 7. Shock of impact | $5,000.00 single event | $5,000.00 |
| 8. Actual physical pain and suffering- Past & Future | $0.30/hour | $31,207.50 |
| 9. Mental anguish- Past & Future | $0.50/hour | $52,012.50 |
| 10. Must limit activities for rest of life | $0.50/hour | $52,012.50 |

**Approximate Total: $348,282.50**

## CONCLUSION

Demand is hereby made for ***$450,000*** to settle this claim.  I look forward to your written response within thirty (30) days of this demand in an effort to resolve this matter before suit is filed.

Yours very truly,
**GARY O. BRUCE, P.C.**

Mitchell B. Ladson
Attorney at Law

MBL/sc
Enclosures

**EXHIBIT "G"**

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU2022CV000726**

**APR 26, 2022 10:46 AM**

*Danielle F. Forte*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

MARILYN BROCK,

                Plaintiff,

v.

DOLLAR GENERAL CORPORATION,
Individually, and/or d/b/a "DOLLAR
GENERAL#9867; DOLLAR GENERAL
#9867; and X, Y, & Z DEFENDANTS,
whose true names are currently unknown
to Plaintiff,

                Defendants.

Civil Action File No.: SU2022CV000726

## CONSENT MOTION TO SUBSTITUTE PARTY DEFENDANT

COME NOW, Plaintiff Marilyn Brock, and Defendants Dollar General Corporation (improperly named as "Dollar General Corporation, Individually, and/or d/b/a 'Dollar General #9867'), and Dollar General #9867, appearing specially, by and through their counsel of record, and hereby move this Court for an order adding Dolgencorp, LLC, as party defendant and dismissing Dollar General Corporation and Dollar General #9867 pursuant to O.C.G.A. §§ 9-11-15 and 9-11-21.

The parties show this Court that Dollar General Corporation was incorrectly named as a party defendant in this case under the mistaken belief that it owned or operated the Dollar General store located at 4900 River Road, Columbus, Georgia; however, the entity that operates the store at issue—and therefore the proper party in this action—is Dolgencorp, LLC. The parties have agreed to a substitution of Dolgencorp, LLC, for Dollar General Corporation (individually and/or d/b/a Dollar General

Corporation #8967).  Dolgencorp, LLC acknowledges that it had actual notice of the institution of this action within the time provided by law for commencing this action against it.  The parties further agree that Dollar General #9867 is not a valid legal entity and therefore not a proper party defendant and should likewise be dismissed.

The parties further agree and show the Court that Plaintiff is responsible for filing an Amended Complaint within 30 days of the entry of an order substituting Dolgencorp, LLC as party defendant and for perfecting service on Dolgencorp, LLC. The undersigned counsel for Dolgencorp, LLC agrees to acknowledge service of process on its behalf.

This 26th day of April, 2022.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*
_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
Brianna S. Tucker, Esq.
Georgia Bar No.: 109297
*Attorneys for Defendant Dollar General*
*Corporation, Dollar General #9867, and*
*Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

Consented to by,

PHILIPS BRANCH & HODGES

_____

Brian Worstell, Esq.
Ben B. Philips, Esq.
PHILIPS BRANCH & HODGES
P.O. Box 2808
Columbus, GA 31902
Email: ben@philips-branch.com
Email: brian@philips-branch.com

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU2022CV000726**

**APR 26, 2022 12:39 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

MARILYN BROCK,

                 Plaintiff,

v.

DOLLAR GENERAL CORPORATION,
Individually, and/or d/b/a "DOLLAR
GENERAL#9867; DOLLAR GENERAL
#9867; and X, Y, & Z DEFENDANTS,
whose true names are currently unknown
to Plaintiff,

                 Defendants.

Civil Action File No.: SU2022CV000726

## ORDER SUBSTITUTING PARTY DEFENDANT

IT APPEARING to the Court that the proper Defendant in this matter is Dolgencorp, LLC, rather than Dollar General Corporation, that the parties consent to said substitution and that the undersigned counsel for Dolgencorp, LLC agrees to acknowledge service of process on its behalf,

IT IS HEREBY ORDERED that Dolgencorp, LLC is substituted as the Defendant in place and in lieu of "Dollar General Corporation, Individually, and/or d/b/a Dollar General #9867." Dollar General Corporation is dismissed without prejudice and Dolgencorp, LLC is added as party defendant. The Court further ORDERS Dollar General #9867 is also dismissed without prejudice. Plaintiff shall file an Amended Complaint to reflect the change in party defendant and provide a service copy to all parties within 30 days of this Order. Counsel for Dolgencorp, LLC shall acknowledge service of the Amended Complaint.

*(Continued on following page)*

IT IS FURTHER ORDERED that the case style shall be updated to reflect the contents of this Order.

IT IS SO ORDERED this 26ᵗʰ day of _____April_____, 2022.

_____
Hon. Ron Mullins
Judge, Superior Court of Muscogee County

**_Order Prepared By:_**
Erica L. Morton, Esq.
Georgia Bar No.: 140869
Brianna S. Tucker, Esq.
Georgia Bar No.: 109297
*Attorneys for Dollar General Corporation,*
*Dollar General #9867, & Dolgencorp, LLC*
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

4890-3708-6237, v. 1

# SUPERIOR COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU2022CV000726**

APR 26, 2022 01:24 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SU2022CV000726

Brock, Marilyn
_____

**PLAINTIFF**

**VS.**

Dollar General Corporation, DBA Individually
and/or dba Dollar General #9867
Dollar General #9867
Dolgencorp, LLC
_____

**DEFENDANTS**

## SUMMONS

TO: DOLGENCORP, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Brian M Worstell**
**PHILIPS, BRANCH & HODGES**
**P.O. Box 2808**
**105 Thirteenth Street (31901)**
**Columbus, Georgia 31902**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 26th day of April, 2022.**

Clerk of Superior Court

_____
*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

SU2022CV000726

APR 26, 2022 01:24 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY**
**STATE OF GEORGIA**

MARILYN BROCK,

        **Plaintiff,**

    vs.

DOLGENCORP, LLC, and X, Y, & Z
DEFENDANTS, whose true names are currently
unknown to Plaintiff,

        **Defendants.**

**CIVIL ACTION**
**FILE NO. SU-2022-CV-726**

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff MARILYN BROCK, and files this her First Amended Complaint

for damages against Defendants Dolgencorp, LLC, and X, Y, & Z Defendants, whose true names

are currently unknown to Plaintiff, and alleges as follows:

## I.  PARTIES, JURISDICTION, and VENUE

### 1.

Plaintiff is a resident of Columbus, Muscogee County, Georgia, and subject to the

jurisdiction of this Court.

### 2.

"Defendant Dolgencorp, LLC, is a foreign corporation registered to business in the state of

Georgia. Defendant Dolgencorp, LLC can be served via its counsel of record.

### 3.

"X, Y, & Z Defendants", whose true names and identities are currently unknown to

Plaintiff at this time, have committed torts against Plaintiff and can be served with a Second

Amended Complaint and Summons once their true identity(ies) have been ascertained through

discovery and/or through stipulation between counsel.

1

4.

Defendants Dolgencorp, LLC, and Y, & Z Defendants will hereinafter be collectively referred to as "Defendants".

5.

On or about April 28, 2020, Plaintiff was shopping on an aisle at the Dollar General store owned and/or operated by Defendants, located at 4900 River Road in Columbus, Georgia, when she fell as a result of a crate that had been negligently left in the aisle floor. The claims and damages asserted herein arise out of said incident.

6.

Defendants are subject to the jurisdiction of this Court and venue is proper.

## II.   OPERATIVE FACTS

7.

At all times referenced herein, Plaintiff was an invitee of the Defendants.

8.

On April 28, 2020, Plaintiff went to the Dollar General store owned and operated by Defendants located at 4900 River Road in Columbus, Georgia to go shopping and/or purchase items from said store.

9.

While inside the subject store on the above-referenced date, Plaintiff was shopping on one of the store's aisles when she fell as a result of a crate/tote that had negligently been left on the aisle floor.

2

10.

On the date of her fall, there no type of warning alerting Plaintiff of an actual or potential hazard in the area where Plaintiff fell.

11.

Defendants, including its/their agents, partners, and/or employees were responsible for keeping its premises and approaches safe for its/their invitees, including, but not limited to, Plaintiff.

12.

Before and at the time of the Plaintiff's fall, Defendants, its/their agents, representatives, and/or employees had constructive and/or actual knowledge of the hazardous condition that caused Plaintiff's fall.

13.

Before and at the time of the Plaintiff's fall, Defendants, its/their agents, representatives, and/or employees had superior constructive and/or actual knowledge of the hazardous condition that caused Plaintiff's fall.

14.

Because of the hazardous condition caused by Defendant's negligence, Plaintiff fell, and suffered severe and painful injuries to her body, which required medical attention.

### III.   LIABILITY OF THE DEFENDANT

15.

Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

16.

Defendants failed to maintain a safe premises in violation of O.C.G.A. § 51-3-1, and other safety laws, codes, and standards.

17.

Defendants were negligent, and said negligence directly and proximately caused Plaintiff's injuries through its conduct, including, but not limited to:

1. Tortiously failing to take reasonable precautions to safeguard and protect invitees who traversed its premises;

2. Tortiously failing to implement and/or comply with reasonable policies and/or procedures to safeguard and protect invitees who traversed its premises;

3. Tortiously failing to properly train and supervise their employees in the appropriate manner to safeguard and protect invitees who traversed Defendants' premises;

4. Under the doctrine of respondeat superior for the tortious acts and omissions of their agents and employees, as set forth herein.

### IV.   DAMAGES CLAIMED

18.

The damages claimed by the Plaintiff were proximately caused by the tortious acts and omissions of Defendants, its/their agents and/or employees.

4

19.

The acts of Defendants, its/their agents and/or employees were willful and wanton, and showed such callous indifference to the rights of others that punitive damages should be imposed in an amount to be determined by a jury.

20.

Plaintiff claims damages as follows:

1.    Compensatory damages for all components of the physical pain and suffering endured by the Plaintiff upon impact and through the present, and into the future;

2.    Special damages for medical expenses, past, present and future; and

3.    Punitive Damages in an amount sufficient to deter Defendant from such willful and wanton tortious conduct in the future.

### V.   PRAYER FOR RELIEF

21.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    That Summons be issued requiring Defendants to appear as provided by law to answer this Complaint;

2.    That Plaintiff have a trial by jury;

3.    That Plaintiff recover damages for her mental and physical suffering, special damages for her medical expenses (past, present and future), all as permitted under Georgia law;

4.    Plaintiff claims punitive damages against Defendants in an amount to be determined by the enlightened conscious of the jury;

5.    For reasonable attorneys' fees and costs should Defendants be stubbornly litigious;

5

6.     For such other and further relief as is allowed by law and as the Court may deem

just and proper.


This 26th day of April, 2022.

**LAW OFFICES OF GARY BRUCE, P.C.**

*/s/ Gary O. Bruce*

912 Second Avenue                                      Gary O. Bruce
Columbus, Georgia 31901                         Georgia Bar No.: 090266
706-596-1446


**PHILIPS BRANCH & HODGES**

*/s/ Brian M. Worstell*
Ben B. Philips
Georgia Bar No.: 575550
Brian M. Worstell
105 13th St., Suite B.                                 Georgia Bar No.: 553750
P.O. Box 2808
Columbus, GA 31902
706-323-6461


***Attorneys for Plaintiff***

6

**IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY**
**STATE OF GEORGIA**

MARILYN BROCK,

          **Plaintiff,**

    **vs.**

DOLGENCORP, LLC, and X, Y, & Z
DEFENDANTS, whose true names are currently
unknown to Plaintiff,

          **Defendants.**

**CIVIL ACTION**
**FILE NO. SU-2022-CV-726**

## CERTIFICATE OF SERVICE

       I hereby certify that I have this date served counsel of the opposing parties in the foregoing matter with a copy of ***Plaintiff's First Amended Complaint*** via e-file, email, and/or by mailing to the following addresses with sufficient postage affixed thereto:

Ms. Erica L. Morton, Esq.
Brianna S. Tucker, Esq.
*Swift, Currie, McGhee & Heirs, LLP*
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

               **PHILIPS BRANCH & HODGES**

               */s/ Brian M. Worstell*
               Ben B. Philips
               Georgia Bar No.: 575550
               Brian M. Worstell
               Georgia Bar No.: 553750

105 13th St., Suite B.
P.O. Box 2808
Columbus, GA 31902
706-323-6461

               *Attorney for Plaintiff*

7

### IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY
### STATE OF GEORGIA

**MARILYN BROCK,**

       **Plaintiff,**

  vs.

**DOLGENCORP, LLC, and X, Y, & Z DEFENDANTS, whose true names are currently unknown to Plaintiff,**

       **Defendants.**

**CIVIL ACTION
FILE NO. SU-2022-CV-726**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

TO:    DOLGENCORP, LLC

COMES NOW the Plaintiff and serves these Requests for Admission upon the named Defendant and requests that they be fully admitted in writing and under oath within forty-five (45) days of the date of service. These Requests for Admission are served pursuant to the Georgia Civil Practice Act and are served pursuant to O.C.G.A. 9-11-26 and 9-11-36.

EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR OBJECTION TO SUCH MATTER.

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by

1

Plaintiff in making that proof, including reasonable attorney fees. The matters requested admitted are the following:

1.

Please admit that this Defendant has been properly served with process in this action.

2.

Please admit that this Defendant raises no defenses as to insufficiency of process in this action.

3.

Please admit that this Defendant's negligence caused the Plaintiff's fall in this case.

4.

Please admit that this Defendant's negligence caused the Plaintiff's injuries.

5.

Please admit that this Court has jurisdiction over this Defendant, and that venue is proper in this County.

6.

Please admit that on the day in question, April 28, 2020, Plaintiff was an invitee of Defendant.

7.

Please admit that prior to the subject incident that is the basis of this lawsuit, Defendant knew that a crate/tote had been left on the aisle floor of its store located at 4900 River Road, Columbus, Georgia.

8.

Please admit that on the day in question, Plaintiff tripped and fell over a crate/tote that had been placed in the aisle by Defendant, its agent, representative, and/or employee.

9.

Please admit that this Defendant operates the Dollar General #9867 located at 4900 River Road, Columbus, Muscogee County, Georgia.

10.

Please admit that this Defendant is the employer of the persons working at the Dollar General #9867 located at 4900 River Road, Columbus, Muscogee County, Georgia.

11.

Please admit that the trip and fall by Plaintiff giving rise to this action occurred on April 28, 2020, at the Dollar General located at 4900 River Road, Columbus, Muscogee County, Georgia.

12.

Please admit that this Defendant had an office and transacts business in Columbus, Muscogee County, Georgia.

13.

Please admit that this Defendant was properly served with an existing lawsuit within the applicable statute of limitations.

14.

Please admit that this Defendant does not raise any statute of limitations defenses with respect to the claims asserted by Plaintiff in her First Amended Complaint.

15.

Please admit that this Defendant, its agents and/or employees, possesses video of the subject incident (trip and fall) giving rise to these proceedings.

16.

Please admit that this Defendant, its agents and/or employees, had in place policies and procedures regarding or relating to keeping its aisleways and floors clean and/or clear in April of 2020 at the time of the subject incident.

This 26th day of April, 2022.

**LAW OFFICES OF GARY BRUCE, P.C.**

912 Second Avenue
Columbus, Georgia 31901
706-596-1446

_/s/ Gary O. Bruce_
Gary O. Bruce
Georgia Bar No.: 090266

**PHILIPS BRANCH & HODGES**

_/s/ Brian M. Worstell_
Ben B. Philips
Georgia Bar No.: 575550
Brian M. Worstell
Georgia Bar No.: 553750

105 13th St., Suite B.
P.O. Box 2808
Columbus, GA 31902
706-323-6461

_**Attorneys for Plaintiff**_

4

**IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY**
**STATE OF GEORGIA**

MARILYN BROCK,

          **Plaintiff,**

   **vs.**

DOLLAR   GENERAL   CORPORATION,
Individually,   and/or   d/b/a   "DOLLAR
GENERAL # 9867"; DOLLAR GENERAL #
9867; DOLGENCORP, LLC, and Y, & Z
DEFENDANTS, whose true names are currently
unknown to Plaintiff,

          **Defendants.**

**CIVIL ACTION**
**FILE NO. SU-2022-CV-726**

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT DOLGENCORP, LLC**

TO:   DOLGENCORP, LLC

A.

      If these Interrogatories are directed to more than one Defendant, then each Defendant to

which they are directed is required to respond, and the instructions provided herein apply

specifically and separately to each such Defendant.

B.

      You are hereby required to answer the Interrogatories which are attached hereto,

separately and fully in writing under oath, within thirty (30) days of service of same, or if said

Interrogatories are served with the complaint in the above-named action, then within forty-five

(45) days of service of same.

C.

      (1)    You are under a duty seasonally to supplement your response with respect to any

1

question directly addressed to:

       (a)     The identity and location of persons having knowledge of discoverable matters; and

       (b)     The identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

     (2)     You are under a duty seasonally to amend a prior response if you obtain information upon the basis of which:

       (a)     You know that the response was incorrect when made; or

       (b)     You know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

     (3)     You are under a duty seasonally to otherwise amend or supplement your responses as required by law.

## DEFINITIONS

The following definitions apply throughout Plaintiff's First Continuing Interrogatories and internally within the text of these definitions.

1.     "Person" or "individual" means any individual, firm, corporation, or other entity.

2.     "You" means each specific Defendant to which these Interrogatories are addressed, and all agents, employees and representatives of each such Defendant.

3.      "Document" means every writing or record of every type and description that is or has been in the possession, custody or control of each such Defendant, or of which each such Defendant has knowledge, including without limitation, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, maps, reports, surveys, minutes, statistical compilations, microfilm or microfiche; every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

4.      "Date" means the exact day, month and year, if ascertainable, or, if not ascertainable, the best approximation each such Defendant is capable of making (including relationship to other events).

5.      When asked to "identify" or provide the "identity" of a person or persons, the following information should be provided with respect to each such person:

    (a)      The person's full name;

    (b)      The person's last known business address;

    (c)      The person's last known home address;

    (d)      The person's last known business phone number;

    (e)      The person's last known home phone number;

    (f)      The name and address of the person□s last known employer;

    (g)      The person's last known title, position, business or employment; and

    (h)      The person's whereabouts.

6.      "Specify" as used in connection with any document, picture, diary or object of any kind or nature requires that you provide the following information with respect to each such item:

(a)    A title of the subject with sufficient particularity to permit its identification including make, model, serial number or other information that may be pertinent;

(b)    The identity of each person who prepared or participated in the preparation of each document, picture, diary or statement;

(c)    The date on which each such document, statement, picture or diary was prepared;

(d)    The identity of each person who received or obtained a copy of each such document, picture, diary or statement; and

(e)    The identity of each person or persons having present possession, custody or control of each such item and all copies thereof.

7.    When asked to "describe" or provide a "description" of any act, occurrence, omission, or series of acts, occurrences or omissions, provide the following information:

(a)    The identity of each and every person in any manner involved in the act, occurrence, omission or series of acts, occurrences or omissions;

(b)    The date or dates of each and every act, occurrence or omission; and

(c)    A description of each and every document or subject involved in, related to, or descriptive of the act, occurrence or omission or series of acts, occurrences or omissions.

## **INTERROGATORIES**

### 1.

State the name, address, age, and present place of employment of the person answering these Interrogatories, and state the place where these Interrogatories are being answered and the names and present places of employment of each person present when these Interrogatories are being answered.

2.

Were you aware, prior to the filing of the Complaint in this action, that the Plaintiff fell and was injured at one of your stores located in Columbus, Georgia, on or about April 27 or 28, 2020?

3.

Specify by address the location of the store where Plaintiff fell on or about April 27, or 28, 2020.

4.

Did you receive notice of the subject fall from any person, including any of your agents and/or employees, and if so, state the date, time, and place you received the notice, whether the notice was written or oral, and if written, the name and address of the person who now has custody of said notice.  If oral, what was the substance of said notice?  Please produce and attach a copy of each written notice to your answers to these Interrogatories.

5.

Were there any employees or other persons on duty at the time, or in the area where Plaintiff fell; if so, for each separate person, state their name and address and their location at the subject store at the time of the incident. Please specifically state the name of any store managers on duty at the time of the Plaintiff's fall.

6.

Specify and describe whether you had insurance that affords protection for indemnity and liability pursuant to the laws of Georgia, and if so, please specify the persons providing such insurance and the limits of said insurance, and produce a copy of any document relating to such insurance.

7.

Please describe in detail the crate/tote that caused Plaintiff to fall. Produce a copy of the video recording of same.

8.

Plaintiff alleges that the presence of a crate/tote on the floor of the subject store caused her to fall and injure herself.  Do you contend that the presence of such crate/tote did not cause Plaintiff to fall, and if so, state what you otherwise contend caused Plaintiff to fall and on what facts you base this contention.

9.

At the time and place of Plaintiff's fall, were you, and/or any of your agents and/or employees, aware of the presence of a crate/tote on the floor of the subject store in the area where Plaintiff fell?  When did you or your employees become aware of this condition?

10.

If your answer to the prior Interrogatory was in any way affirmative, for each person who was aware of the presence of such substance described in Interrogatory No. 8 above, state:

(a)     their name;

(b)     the circumstances from which they received such notice;

(c)     the time and place they received such notice;

(d)     a description of the notice received;

(e)     whether any person informed them of its presence, and if so, the name, or other means of identification, and address of each person who informed them;

(f)     whether they took any action as a result of such notice, and if so, a description of the action that was taken, and the time at which it was taken;

(g)     the name of the person who placed and/or removed the crate from the area of Plaintiff's fall.

11.

Do you have a company policy specifying how often company employees shall inspect your premises for hazardous conditions, and/or how often aisles should be cleared, and/or how long totes/crates or other similar items may sit on an aisle floor?  Please specify said policies. Produce and attach a copy of said policy to your answers to these Interrogatories.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

12.

On the date of Plaintiff's fall, please name the specific employee(s) whose duty it was to implement the policy described above in the foregoing Interrogatory.

13.

Has any other fall occurred (alleged or otherwise) at any time at the premises in question for a similar reason as is alleged in this case (items obstructing the walkway)?

14.

If so, for each fall and/or accident, state:

(a)     The date and time it occurred;

(b)     A description of how it occurred;

(c)     The name, or other means of identification, and address of the person to whom it occurred;

(d)     The location in which it occurred;

7

(e)     Whether any safety precaution was taken as a result of it, and, if so, a description of such safety precaution;

(f)     Whether any action at all was taken as a result of said fall.

15.

After Plaintiff's fall, please identify and provide all last known contact information for any and all of your agents and/or employees who assisted Plaintiff, inspected the location where she fell, and/or participated in any aspect of the claims and events that are the subject of the instant lawsuit, and describe what such employee found, saw, or said as a result of such inspection and assistance.  Please also state whether such responsive person is currently an agent and/or employee of this Defendant.

16.

State the names, ages, addresses, telephone numbers and places of employment of all persons known to you who have any knowledge relating to any information, fact, or circumstance pertinent to the incident giving rise to this lawsuit, and for each such person, please state the knowledge they have.

17.

Please describe any photograph, video, motion picture, video recording, survey, chart, plat, drawings or diagrams that relate in any way to the incident giving rise to this case and please state the name, address, place of employment, and present whereabouts of the person or persons who have custody or control of such item.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

8

18.

Please state the name, address, and telephone number and place of employment of any person from whom you, your counsel, agent, servant, employee, representative, or other persons acting on your behalf have obtained any type of statement (written or oral). With regard to any such statement, please state when it was taken, a general summary of its contents, and the name and address of the person who has custody or control of any summarization of such statement.

19.

Please state the names and present addresses of each person who has investigated or who has been requested by you or your attorney or your insurance company to investigate or render an opinion (whether an expert opinion or lay opinion) with respect to the incident or with respect to any other matter relating to the claim in this case.

20.

Please give the name, address, and office of every person who has participated in the investigation of this case for you or on your behalf not mentioned in the answer to your responses to the preceding Interrogatories.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

21.

If you contend that the Plaintiff was negligent in any way, please state each act of negligence you contend the Plaintiff was guilty of, and which proximately contributed to cause the incident and specifically, each statute and ordinance you claim the Plaintiff violated.

22.

Please identify each and every witness who has any knowledge relevant to the claim of this Plaintiff that you "may" call as a witness at trial, giving each of their last known addresses, phone numbers, and a brief description of such witnesses' knowledge and expected testimony.

23.

Do you have any policies and/or procedures with respect to maintaining clear or unobstructed aisleways in your stores? If so, please describe said policy and/or procedure in detail.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

24.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

(a)     Identify the subject matter of which the person is expected to testify;

(b)     Identify the substance of the facts and opinions as to which he or she is expected to testify;

(c)     Summarize the grounds for such opinions; and

(d)     Identify all documents and professional references upon which such person may base his or her testimony and opinions.

25.

Please state in detail each and every conversation Plaintiff had with any employee or agent of Defendant at any time, to include:

(a)     The date of each said conversation;

(b)     The name of the employee having each said conversation;

(c)      The substance of each conversation;

(d)     Any actions taken as a result of each said conversation;

(e)     Whether such conversation was reduced to writing, transcribed, or recorded by any method.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

26.

Have you ever been a Defendant in a civil lawsuit involving any claims similar to those set forth in Plaintiff's Complaint in this matter?  If so, state the names of the parties to the lawsuit, the court in which the lawsuit was filed, the date of filing, the nature of the litigation, and the ultimate resolution of the action, i.e., the amounts paid in settlement or any amounts rendered in judgment of such litigation.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

11

27.

Please list the name of all Plaintiffs, the civil action number, court, county, State, and Plaintiff's attorney's name, address, and phone number for every lawsuit filed against this Defendant alleging trip and fall injury from 2012 – present.  For each such case listed, please state how each case was resolved, i.e., by verdict or settlement.  For each case resolved by verdict, please state the amount of such verdict.  For cases that were settled, please provide the amount of such settlement.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

28.

Was any meeting held at which any complaint, problem, or question about the subject matter of this action was discussed?  If so, for each meeting, state the date and place it was held; the name and address of the person who convened it and the capacity in which he acted; the name and address of each person present; the purpose for which it was held; an account of the discussion held in connection with each occurrence complained of in this action; and whether any written memoranda or minutes were made, and identify the person having present custody of such minutes or memoranda.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

29.

Do you contend that any person, firm, or corporation other than you was responsible in whole or in part for causing or contributing to the wrongful acts alleged in the Complaint filed in this matter, either by actions undertaken or by failures to act, and if so, for each such person, please state his, her, or its name, address, and job title or capacity, the relevant facts upon which you base your contention with respect to each such person, and identify any relevant documents that support or form the basis of your contention.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

30.

Please describe in detail all training, supervision, and instruction given to your agents and/or employees and all policies, protocols, instructions, handbooks, etc. promulgated by on behalf of you concerning the keeping of your premises and approaches safe, especially with respect to keeping the floors and/or aisleways of your stores clean and/or unobstructed.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

31.

Please identify all management, supervisory personnel, and/or any other employee/agent of Defendant, whether in the subject store or not, who had knowledge of any of the incidents which form the basis of this suit.  For each such individual, please state:

(a)      When the person received knowledge of the subject incident;

(b)     From whom such person received such knowledge, and

(c)     The action taken in response to the incident by each such person having knowledge of the same.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

32.

Please state whether any individual was ever disciplined in any manner by this Defendant or any employee of this Defendant for the incident.  If your answer is affirmative, please identify all such individuals and describe the nature of such discipline.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

33.

Please identify all documents, and identify to whom they were directed and/or copied, and their present custodian, that discuss or refer to Plaintiff of that relate to any issue pending in this lawsuit.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

34.

Identify all persons or entities with whom this Defendant communicated in any way about Plaintiff or the subject incident, state the substance of all such communications, the date of

such communications, and the purpose of all such communications.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

35.

Please state whether this Defendant was the owner of the subject store in question or if this Defendant only rented or leased said store.  If the latter, please provide the following information:

    (a)    The name of the person or entity from whom this Defendant rented or leased; and

    (b)    Please describe in detail any and all documents evidencing or relating in any way to the renting or lease of the subject store/building.

**You are requested pursuant to O.C.G.A. 9-11-34 to attach to your answer to these Interrogatories copies of all such documents or evidence relating or responsive to this Interrogatory.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

You are requested to produce for inspection and copying by the Plaintiff at the offices of Philips, Branch & Hodges, 105 Thirteenth Street, Suite B, P.O. Box 2808 (31902) Columbus, Georgia, 31901, all of the documents specified in your answers to these Interrogatories within thirty (30) days of service of same, or if said Interrogatories are served with the complaint in the above-named action, then within forty-five (45) days of service of same.  You are authorized to submit true and correct copies of any such documents or tangible things with your answers to these Interrogatories accompanied by a certification by you or your attorney issued under oath

15

that said copies are complete and are true and correct.

If privilege is claimed as to any document otherwise covered by this Request for Production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to be accorded privileged status. Specifically, state (a) the document's sender or author, recipient, date, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; and (b) the basis upon which you claim the privilege. This Request for Production seeks inspection and copying of documents in the possession of Defendant and its agents and attorneys, including both copies and originals, unless otherwise specifically stated.

In addition to any documents and/or things described in response to Interrogatories, the following documents are requested to be produced:

## REQUESTS FOR PRODUCTION

### 1.

A true, accurate, and authentic copy of your entire file relating to the incident which forms the basis of this action or in any way relates to the Plaintiff.

### 2.

The original or a certified copy of any and all documents generated at any time by any employee of Defendant in regard to the incident forming the basis of Plaintiff's Complaint, including, but not limited to, any and all incident reports.

### 3.

The original of any and all records generated by any entity in regard to the incident involving Plaintiff.

4.

The original of any and all records or policies pertaining to compliance with cleaning procedures for the store in question.

5.

The original of any and all photographs/video of the subject aisle where Plaintiff fell located at the subject store in Columbus, Muscogee County, Georgia, taken at any time before or after the incident involving Plaintiff.

6.

The original of the complete "master" personnel files of all employees involved in maintaining, or cleaning the aisle where the incident involving Plaintiff occurred, or who were eyewitnesses to the incident with Plaintiff, including but not limited to: personal references, health statements, history of previous employment, application for employment, payroll and attendance files, and any other documents of any nature that have been generated and in said file from date of employment to present date.

7.

The applicable 2020 Employee Handbook for any employee or agent of Defendant that had any involvement whatsoever with the incident that forms the basis of the Complaint.

8.

Copies of any correspondence between Defendant and any third party regarding Plaintiff and/or the subject incident.

9.

The original or a certified copy of each and every policy of liability insurance identified in Defendant's answers to Plaintiff's Interrogatories as well as the original or a complete

17

certified copy of all policies of insurance, to include the Declarations page, which do or may afford liability insurance coverage to Defendant in this case, including primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage.

10.

The original or a certified copy of each and every written or recorded statement or report concerning the investigation of each expert witness expected to be called as an expert upon the trial of this matter.

11.

The original or certified copy of each and every written statement or transcript of recorded statements discussing the facts and/or circumstances of the incident which is the subject matter of this litigation.

12.

The original or duplicated/reprinted copy of each and every video, photograph, diagram, sketch, or other pictorial representation concerning the events and happenings alleged in Plaintiff's Complaint.

13.

Copies of any and all letters sent from anyone to Plaintiff on Defendant's behalf.

14.

Any and all protocols, policies, or books in effect for the years 2020 through the present in regard to how to keep this Defendant's premises and approaches safe, including, but not limited to: proper cleaning, inspection, and/or maintenance of this Defendant's store aisles.

15.

Any and all emails, communications, letters, telephone calls, notes, or any other writings

by any person made to Plaintiff or to any other person or entity at any time by anyone on behalf of Defendant about the incident, or any matter related in any way to any aspect of the subject incident which forms the basis of the Complaint at any time, including, but not limited to: statements of any kind, including written, oral, and/or tape recorded, or statements that have been reduced to writing.

16.

A detailed (to scale) diagram, blueprint and/or drawing of the floor plan of the subject store as it existed in April  2020.

17.

All documents, protocols, policies, contracts, etc. evidencing the relationship between this Defendant and any other entity who allegedly owned the subject store.

18.

Any document used as a basis for and/or responsive to your responses to Plaintiff's First Interrogatories to this Defendant.

21.

Please produce copies of all photographs and/or videos taken of Plaintiff at the subject store on the day of the incident in question, or at any other time for any other reason.

22.

Please produce the personnel files, including any and all documents demonstrating or documenting any and all training each employee has undergone or underwent while employed by Defendant at any time, for the following employees:   any agent and/or employee of this Defendant that came into contact with the Plaintiff on the day in question or has had any responsibility for or connection to any aspect of the incident which is the basis of Plaintiff's

Complaint.


This 26th day of April, 2022.

**LAW OFFICES OF GARY BRUCE, P.C.**

912 Second Avenue
Columbus, Georgia 31901
706-596-1446

*/s/ Gary O. Bruce*
Gary O. Bruce
Georgia Bar No.: 090266


**PHILIPS BRANCH & HODGES**

*/s/ Brian M. Worstell*
Ben B. Philips
Georgia Bar No.: 575550
Brian M. Worstell
Georgia Bar No.: 553750

105 13th St., Suite B.
P.O. Box 2808
Columbus, GA 31902
706-323-6461

***Attorneys for Plaintiff***

**IN THE SUPERIOR COURT FOR MUSCOGEE COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **MARILYN BROCK,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| | **FILE NO. SU-2022-CV-726** |
| **vs.** | |
| **DOLGENCORP, LLC, and X, Y, & Z DEFENDANTS, whose true names are currently unknown to Plaintiff,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served counsel of the opposing parties in the foregoing matter with a copy of *Plaintiff's First Continuing Interrogatories and Requests for Admissions* via e-file, email, and/or by mailing to the following addresses with sufficient postage affixed thereto:

Ms. Erica L. Morton, Esq.
Brianna S. Tucker, Esq.
*Swift, Currie, McGhee & Heirs, LLP*
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

**PHILIPS BRANCH & HODGES**

*/s/ Brian M. Worstell*
Ben B. Philips
Georgia Bar No.: 575550
Brian M. Worstell
Georgia Bar No.: 553750

105 13th St., Suite B.
P.O. Box 2808
Columbus, GA 31902
706-323-6461

*Attorney for Plaintiff*